UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANI F. KHOURY,
    Petitioner,

vs.                                        Case No.: 3:21cv740/LAC/EMT

M.V. JOSEPH,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Rani Khoury (Khoury), an inmate of the federal Bureau of Prisons (BOP) proceeding pro se, commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 3). Presently before the court is Khoury's Amended Petition (Am. Pet., ECF No. 8). On behalf of Respondent M.V. Joseph, the United States Attorney's Office (Government) filed a motion to dismiss with supporting materials (Mot. to Dismiss, ECF No. 15). Khoury filed a response in opposition to Respondent's motion (Resp., ECF No. 17).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that Khoury's amended habeas petition should be denied.

I.    BACKGROUND

Khoury does not dispute the facts set forth in the Government's motion to dismiss, which are taken from the sworn declaration of Dawn L. Giddings, a Correctional Programs Specialist with the BOP (*see* Mot. to Dismiss, ECF No. 15 at 3–4; Decl. of Dawn L. Giddings, ECF No. 15-1).  On October 17, 2012, Khoury was arrested by the U.S. Marshals Service (USMS) in Tampa, Florida for a supervised release violation in Middle District of Florida Case No. 6:04-CR-24-ORL-31DAB (Giddings Decl.).  The violation was based upon new federal charges filed against Khoury in the Northern District of Texas, Case No. 3:12-CR-318-D (*id.*).

On October 18, 2012, a magistrate judge in the Middle District of Florida issued an order releasing Khoury on bond and setting conditions of release (*see* Order Setting Conditions of Release, ECF No. 15-2).  As part of those conditions, Khoury was required to report as directed by the pretrial services officer (*id.*).  Khoury was also restricted to his residence with exceptions, including, he was allowed to travel to court appearances (*id.*).  Khoury was released from custody the same day (October 18, 2012) (Giddings Decl.).

On August 13, 2015, Khoury entered the custody of the USMS and was released on bond the same day (Giddings Decl.).  On May 13, 2016, Khoury was sentenced in the Northern District of Texas, Case No. 3:12-CR-318-D, to a 97-month

term of imprisonment, later reduced to 87 months (*id.*). Khoury continued on bond and was given a voluntary surrender date of June 28, 2016 (*id.*). In the meantime, Khoury was sentenced, on June 20, 2016, in the Middle District of Florida, Case No. 6:04-CR-24-ORL-31DAB, to an 18-month term of imprisonment to run consecutive to the sentence imposed by the Northern District of Texas (*id.*). Khoury continued on bond and was given a voluntary surrender date of July 5, 2016 (*id.*). On that date, Khoury surrendered for service of his federal sentences (*id.*).

The BOP granted Khoury sentence credit from October 17, 2012 (the day he was arrested) through October 18, 2012 (the day he was released on bond) (Giddings Decl.). The BOP also granted Khoury sentence credit for August 13, 2015 (the day he entered USMS custody and was released on bond) (*id.*). The BOP did not grant Khoury sentence credit for the periods he was released on bond under supervision (*id.*).

On April 14, 2021, Khoury filed an informal inmate request inquiring whether he received sentence credit for the period he was released on bond under supervision (*see* Resp. to Mot. to Dismiss, attached Inmate Request to Staff, ECF No. 17 at 6). On April 15, 2021, an institutional staff member responded, "If my understanding is correct, you are asking whether or not house arrest accounts [sic] for jail credit. Jail credit is not given for home confinement." (*id.*). Khoury commenced this habeas

case the same day (April 15) by filing a motion for sentence credit in his criminal case in the Northern District of Texas (*see* ECF No. 3). The district court in Texas determined that the motion should be construed as a habeas petition under § 2241 and transferred the habeas case to the Northern District of Florida, where Khoury is housed (*see* ECF No. 4).

The Government contends the habeas petition should be dismissed for two reasons. First, Khoury did not file any administrative remedies regarding the calculation of his sentence (*see* Mot. to Dismiss at 3). Second, the BOP calculated Khoury's sentence in accordance with federal law, and that calculation is entitled to deference (*id.* at 5–10).

In response, Khoury contends his informal inmate request satisfied the exhaustion requirement (*see* Resp. to Mot. to Dismiss at 1, 4, 6). Khoury insists he is entitled to sentence credit for the period he was released on bond under supervision (*id.* at 2–5).

II.   DISCUSSION

    A.   **Khoury Failed to Exhaust His Administrative Remedies**

A petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply

with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

The Federal Bureau of Prisons (BOP) provides an internal grievance procedure for its inmates. *See* 28 C.F.R. § 542.10, *et seq*. A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). If the informal resolution procedures fail to resolve the issue, generally a prisoner must complete a three-step sequential formal process. An inmate first must submit a formal Request for Administrative Remedy on the BP-9 form to the Warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within 20 days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel at the Central Office within 30 days of the Regional Director's response. *See id.*

There is no dispute that Khoury never went beyond the initial step of filing an informal Inmate Request to Staff. He admittedly made no attempt to initiate or

complete the three-step sequential formal process. Khoury's amended habeas petition is subject to dismissal for failure to exhaust administrative remedies.

### B. The BOP's Sentence Calculation Is in Accordance With Federal Law

Notwithstanding Khoury's failure to exhaust his administrative remedies, his amended habeas petition should be denied because the BOP calculated his sentence in accordance with federal law.

"In regard to the BOP's decisions concerning the award of sentencing credit, the judiciary retains the final authority on matters of constitutionality and statutory construction." *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (citation omitted). However, the court's analysis is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting *Chevron USA Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting *Chevron*, *supra*).

Section 3585 of Title 18 provides:

**(a)   Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b)   Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

The BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts).

In *Reno v. Koray*, the Supreme Court considered the meaning of "official detention" as used in 18 U.S.C. § 3585(b).  515 U.S. 50, 52, 55–56 (1995).  The Court considered whether a defendant who was released on bail to the custody of pretrial services, with the condition that he be confined to a community treatment

center pending sentencing, but whose "release order" required that he be "confined to [the] premises" and was without "authoriz[ation] to leave for any reason" unless accompanied by a government agent, was in "official detention." *Id.* at 52–53. The Court held that a defendant suffers "detention" only when committed to the custody of the Attorney General; a defendant who is admitted to bail on restrictive conditions is "released." *Id.* at 57. The Court acknowledged that under this definition a defendant could be "released" even though he or she was subject to restraints that did not materially differ from those imposed on "detained" defendants. *Id.* at 62–63. The Court explicitly rejected the notion that the determination of whether or not a person was in "official detention" depended on whether he or she was subjected to "jail-type confinement." *Id.* at 64. The Court concluded that the time the defendant spent at the community treatment center while "released" on bail was not "official detention," and thus, the defendant was not entitled to credit against his sentence of imprisonment. *Id.* at 65; *see also Rodriguez*, 60 F. 3d at 747 (quoting *Koray*).

The Supreme Court's decision in *Koray* forecloses Khoury's argument that his release on bond to pretrial supervision with conditions qualified for credit under § 3585(b). Therefore, Khoury is not entitled to federal habeas relief. *See, e.g., Howard v. Flournoy*, No. 4:14cv35/RH/CAS, 2016 WL 8730853, at *5 (N.D. Fla. June 28, 2016) (rejecting petitioner's argument that BOP unreasonably applied

§ 3585(b) by denying sentence credit for time spent on bond in home confinement), *adopted*, 2016 WL 8735887 (N.D. Fla. July 29, 2016); *Ramos v. Flournoy*, No. 4:13cv419/WS/CAS, 2015 WL 9915945, at *5 (N.D. Fla. Dec. 15, 2015 (rejecting petitioner's argument that BOP unreasonably applied § 3585(b) by denying sentence credit for time on bond prior to petitioner's self-surrender to BOP custody), *adopted*, 2016 WL 316849 (N.D. Fla. Jan. 26, 2016).

III.  CONCLUSION

Khoury failed to exhaust available administrative remedies prior to commencing this habeas case. Additionally, Khoury's challenge to the BOP's calculation of his federal sentence is without merit. Therefore, Khoury's amended habeas petition should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That the Amended Petition (ECF No. 8) be **DENIED**.

2.  That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 27th day of September 2021.

>    */s/ Elizabeth M. Timothy*
>    **ELIZABETH M. TIMOTHY**
>    **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:21cv740/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**